| | |
|---|---|
| Jason List, and<br>Alicia List, | Case No. 18-cv-2253 (DSD/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Robert Carwell,<br>an individual, and<br><br>0820527 B C LTD,<br>a foreign corporation doing business as Let<br>It Ride Carriers, | |
| Defendants. | |

Alex Steven Halbach, Cutler Law Firm, LLP, 140 North Phillips Avenue, Fourth Floor, Sioux Falls, SD 57014; and Michael D. Bornitz, P.O. Box 1400, Sioux Falls, SD 57101-1400 (for Plaintiffs).

## I. INTRODUCTION

This matter comes before the Court on Plaintiffs Jason and Alicia List's Motion for Alternative Service on Defendant 0820527 B C LTD, d/b/a Let It Ride Carriers (ECF No. 16). A hearing was held on December 6, 2018. Attorney Michael D. Bornitz appeared telephonically on behalf of Plaintiffs. Defendants Robert Carwell and 0820527 B C LTD ("Let It Ride") did not appear.

## II. FACTUAL BACKGROUND

### A. The Accident

This action arises out of injuries sustained by Jason List following an automobile accident in Hennepin County, Minnesota, in 2015. (*See* Compl. ¶¶ 1, 11-13, ECF No. 1.) Let It Ride is a motor carrier located in the Canadian province of British Columbia. (Compl. ¶¶ 5, 8.) At the time of the accident, Let It Ride employed Carwell as a commercial truck driver. (Compl. ¶¶ 5, 10.) The accident occurred when the vehicle Carwell was driving collided with a vehicle in which Jason was a passenger. (Compl. ¶¶ 1, 11-13.) At the time of the accident, Carwell was operating the vehicle within the scope of his employment with Let It Ride. (Compl. ¶¶ 11, 13.) Following the accident, Jason was taken to the emergency room by ambulance. (Compl. ¶ 15.)

### B. The Lawsuit

Based on these events, Plaintiffs brought this action for negligence, negligence per se, respondeat superior, and loss of consortium against Defendants.

#### 1. Carwell

Carwell was served on September 5, 2018. (ECF No. 6.) On October 1, Plaintiffs applied for entry of default against Carwell. (ECF No. 7.) On October 11, the Clerk of Court entered default against Carwell. (ECF No. 11.)

#### 2. Let It Ride

Between December 2015 and July 2018, Plaintiffs' counsel was in regular contact with Defendants' insurance carrier regarding the events in question. (Mem. in Supp. at 2, ECF No. 18; Aff. of Michael D. Bornitz ¶¶ 3-4, ECF No. 17.) In July 2018, Plaintiffs'

counsel inquired if the insurance "carrier would cooperate in getting service of process effectuated, but the [claims] adjuster said they would not cooperate." (Bornitz Aff. ¶ 6.) Towards the end of July, the claims adjuster asked whether the law suit had been filed. (Bornitz Aff. ¶ 7.) Plaintiffs' counsel has not heard from the "insurance carrier since July 27, despite the carrier having actual notice that [Plaintiffs] were going to be filing and serving the Summons and Complaint." (Bornitz Aff. ¶ 9.)

Plaintiffs have tried multiple avenues to serve Let It Ride. Plaintiffs first attempted service at an address in Forest Grove, British Columbia. (Mem. in Supp. at 3; Bornitz Aff. ¶ 11.) This address was listed on the insurance card carried by Carwell and provided to law enforcement at the scene as well as in the Safety and Fitness Electronic Records ("SAFER") System maintained by the Federal Motor Carrier Safety Administration of the United State Department of Transportation.[1] (Mem. in Supp. at 3; Bornitz Aff. ¶¶ 11-12; Exs. B & C to Bornitz Aff., ECF No. 17-1 at 12-18.) This address led to a residential home where a woman answered the door and stated that she believed Let It Ride was her father's company and he was not home. (Mem. in Supp. at 3-7; Bornitz Aff. ¶¶ 14-16; Ex. E to Bornitz Aff., ECF No. 17-1 at 20.)

Plaintiffs next attempted service at an address they found online located in Lone Butte, British Columbia. (Mem. in Supp. at 4; Bornitz Aff. ¶¶ 17-18; Exs. F-H to Bornitz Aff., ECF No. 17-1 at 21-37.) The current property owner had no knowledge of Let It

---

[1] Evidence in the record lists Let It Ride as being located on both "Spuraway" and "Spulaway" Drive in Forest Grove, British Columbia. (*Compare* Ex. B to Bornitz Aff., ECF No. 17-1 at 12 (Spuraway) *with* Exs. C & K to Bornitz Aff., ECF No. 17-1 at 17, 41 (Spulaway).) The addresses have the same street number and are believed to be the same address with a misspelling in the street name. (*See* Bornitz Aff. ¶¶ 11-13; Ex. D to Bornitz Aff., ECF No. 17-1 at 19 (hand-correcting Spulaway to Spuraway).)

3

Ride, and neighbors informed the process sever that "a truckin[g] company used to operate out of this address." (Ex. I to Bornitz Aff., ECF No. 17-1 at 38; *see also* Mem. in Supp. at 4; Bornitz Aff. ¶ 20.)

Canada is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361. *E.g.*, *Indep. Film Dev. Corp. v. Junior Capital Inc.*, No. CV 13-00259 BRO (RNBx), 2015 WL 12778352, at *3 (C.D. Cal. July 9, 2015); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 689 (S.D. Fla. 2012). "The purpose of that multilateral treaty is to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017). "The 'primary innovation' of the Hague Service Convention . . . is that it 'requires each state to establish a central authority to receive requests for service of documents from other countries.'" *Id.* at 1508 (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). "When a central authority receives an appropriate request, it must serve the documents or arrange for their service, and then provide a certificate of service." *Id.* (citations omitted). Plaintiffs contacted the central authority located in British Columbia in an effort to arrange alternative service and were told that alternative methods of service were not available through the central authority. (Mem. in Supp. at 4; Bornitz Aff. ¶ 21; Ex. J to Bornitz Aff., ECF No. 17-1 at 39-40.)

Plaintiffs also contacted the British Columbia Ministry of Transportation. (Mem. in Supp. at 4; Bornitz Aff. ¶ 22.) The British Columbia Ministry of Transportation had

the Forest Grove address for Let It Ride and was unaware of the Lone Butte address. (Mem. in Supp. at 4; Bornitz Aff. ¶ 22.)

Plaintiffs then located a Federal Motor Carrier Safety Administration report on Let It Ride, which listed Permits and Process Agents LLC as the blanket process agent for Let It Ride. (Mem. in Supp. at 4; Bornitz Aff. ¶ 24; Ex. K to Bornitz Aff., ECF No. 17-1 at 42-43.) *See* 49 U.S.C. § 13304(a) ("A motor carrier or broker providing transportation subject to jurisdiction under chapter 135, including a motor carrier or broker operating within the United States while providing transportation between places in a foreign country or between a place in one foreign country and a place in another foreign country, shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker."). Permits and Process Agents LLC informed Plaintiffs that

> they no longer served as the process agent for Let [I]t Ride[;] Let [I]t Ride had not renewed in several years[;] they also had been unable to reach Let [I]t Ride[;] the phone number they had was invalid[;] and the mail they sent to Let [I]t Ride had been returned to them.

(Bornitz Aff. ¶ 25.)

Service was again attempted at the Forest Grove address, but not effected after "numerous attempts" and the process server believed that Let It Ride is "avoiding service." (Ex. D to Bornitz Aff.; Mem. in Supp. at 5; Bornitz Aff. ¶¶ 26-28.)

Plaintiffs have also contacted the Minnesota Secretary of State, South Dakota Secretary of State, and "Canada Registrar of Companies," and none of these offices have

5

listings for Let It Ride. (Mem. in Supp. at 5; Bornitz Aff. ¶¶ 31-33.) Plaintiffs' counsel has received no further communication from Let It Ride's insurance carrier. (*See* Suppl. Aff. of Michael D. Bornitz ¶ 12, ECF No. 24.)

### III. ANALYSIS

Let It Ride is a foreign corporation. Under Rule 4, foreign corporations are to be served "in any manner prescribed by Rule 4(f)," which governs services on individuals in foreign countries, "except personal delivery." Fed. R. Civ. P. 4(h)(2). Rule 4(f) sets forth three methods for serving individuals abroad: (1) "by any internationally agreed means of services that is reasonably calculated to give notice," such as the Hauge Service Convention; (2) where "there is no internationally agreed means, or if any international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice," such "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction"; and (3) "by other means not prohibited by international agreement, as the court orders." "[E]ach of these methods 'stands independently, on equal footing' with the others," and "there is no hierarchy or preference within the rule." *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *2 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *see also, e.g.*, *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (per curiam); *Elsevier, Inc. v. Chew*, 287 F. Supp. 3d 374, 377 (S.D. N.Y. 2018); *TracFone Wireless*, 278 F.R.D. at 691-92.

Plaintiffs seek a court order pursuant to Rule 4(f)(3) allowing them to serve Let It Ride by publication. "A district court is afforded 'wide discretion' to order service under

Rule 4(f)(3) in order to enable the court to fit the manner of service to the facts and circumstances of a particular case." *U.S. Commodity Futures Trading Comm'n v. Majestic Enters. Collision Repair, Inc.*, No. 4:10 CV 2287, 2011 WL 767890, at *3 (N.D. Ohio Feb. 28, 2011); *see also, e.g.*, *Enovative Techs.*, 622 F. App'x at 214; *Elsevier*, 287 F. Supp. 3d at 378; *D'Acquisto v. Triffo*, No. 05-C-0810, 2006 WL 44057, at *2 (E.D. Wis. Jan. 6, 2006). Rule 4(f)(3) merely requires that the means of service be directed by the court, not be prohibited by international agreement, and comport with due process, namely, be reasonably calculated to give notice to the defendant. *See, e.g.*, *Enovative Techs.*, 622 F. App'x at 214; *Elsevier*, 287 F. Supp. 3d at 378; *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *2-3; *TracFone Wireless*, 278 F.R.D. at 692.

### A. Hague Service Convention

While Canada and the United States are signatories to the Hague Service Convention, the Convention does "not apply where the address of the person to be served with the document is not known." Hauge Service Convention art. 1, 20 U.S.T. 361, at *1; *see Elsevier*, 287 F. Supp. 3d at 379; *Bravetti v. Liu*, No. 3:12-cv-7492-MAS-TJB, 2013 WL 6501740, at *3 (D. N.J. Dec. 11, 2013). Through their counsel, Plaintiffs have diligently pursued and exhausted all reasonable means of determining Let It Ride's address. Moreover, on this record, Let It Ride appears not only to have operated its business in a manner that has prevented Plaintiffs from obtaining its address through the regular channels, but has also attempted to avoid service of process at its last known address. Without an address, Plaintiffs are not able to serve Let It Ride under the Hague Service Convention.

## B. Service by Publication Under Rule 4(f)(3)

As stated above, Rule 4(f)(3) requires that the means of service be directed by the court, not be prohibited by international agreement, and comport with due process. "[T]he Hague Service Convention does not specifically preclude . . . publication service." *adidas AG v. adidas.style*, No. 17-62535-CIV-COOKE/HUNT, 2018 WL 1801197, at *1 (S.D. Fla. Feb. 7, 2018); *see, e.g.*, *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *3 ("After reviewing its relevant provisions, the Court finds no language indicating that [the Hague Service Convention] prohibits service by publication."); *U.S. Commodity Futures Trading Comm'n*, 2011 WL 767890, at *3 n.5 ("The Court is not aware of any international agreement prohibiting service by publication in Canada.").

Moreover, the law of British Columbia, the Canadian province where Let It Ride's last known addresses are located, specifically allows for alternative service, including publication, in circumstances such as this. Rule 4-4 of the British Columbia Supreme Court Civil Rules provides:

> If it is impracticable to serve a document by personal service
> or if the person to be served by personal service
>
> (a) cannot be found after a diligent search, or
>
> (b) is evading service of the documents,
>
> the court may, on application without notice, make an order
> for substituted service granting permission to use an
> alternative method of service.

Rule 4-4(1), B.C. Reg. 168/2009 (Can.). Rule 4-4 specifically allows for service by advertisement, so long as the advertisement is "in Form 10." Rule 4-4(3); *see* Form 10 –

Advertisement, *available at* Appendix A – Civil Forms/Fillable and savable Forms, The Courts of British Columbia, https://www.courts.gov.bc.ca/supreme_court/practice_and_ procedure/acts_rules_and_forms/. Courts have authorized alternative service under Rule 4(f)(3) by publication in Canada, and specifically British Columbia. *See, e.g.*, *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *4 (British Columbia); *U.S. Commodity Future Trading Comm'n*, 2011 WL 767890, at *3 (Ontario); *Malone v. Highway Star Logistics, Inc.*, No. 08-cv-01534-RPM-KLM, 2009 WL 2139857, at *2-3 (D. Colo. July 13, 2009) (Ontario). Here, the Court finds that Plaintiffs have taken sufficient reasonable steps to serve Let It Ride by the usual methods at its last known address and further attempts by such methods would be futile as the evidence presently before the Court suggests Let It Ride is attempting to evade service in this matter.

Lastly, "any court-ordered method of service under Rule 4(f)(3) . . . must also satisfy constitutional due process." *Elsevier*, 287 F. Supp. 3d at 378; *see, e.g.*, *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *4; *U.S. Commodity Future Trading Comm'n*, 2011 WL 767890, at *3. "To meet this requirement, the means of service must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elsevier*, 287 F. Supp. 3d at 378 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *see, e.g.*, *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *4; *U.S. Commodity Future Trading Comm'n*, 2011 WL 767890, at *3; *see also D'Acquisto*, 2006 WL 44057, at *2 ("Under *Mullane*, alternative service complies with constitutional

demands if it is reasonably calculated to give [the defendant] notice and an opportunity to defend [it]self against plaintiffs' allegations.").

Plaintiffs propose to publish notice of this lawsuit on a weekly basis for three weeks in The Province, a newspaper of general circulation in British Columbia, the area of Let It Ride's last known address. At the hearing, Plaintiffs' counsel represented that The Province is one of two major newspapers in this area. (*See also* Ltr., ECF No. 26.) In response to the Court's questions, Plaintiffs' counsel also followed up with The Province and learned that the newspaper's highest circulation day is Sunday. (Ltr.)

Plaintiffs are not aware of, and this Court's research has likewise not uncovered, a timeframe prescribed by the courts of British Columbia for service by advertisement. Plaintiffs have rationally proposed three weeks based on Minnesota's rule for service by publication. *See* Minn. R. Civ. P. 4.04(a). *Independent Film Development Corp.* and *U.S. Commodity Futures Trading Commission* both involved alternative service by publication under Rule 4(f)(3) in Canada, and *Independent Film Development Corp.* specifically involved service by publication in British Columbia. *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *4; *U.S. Commodity Future Trading Comm'n*, 2011 WL 767890, at *3. In each case, notice was published for four consecutive weeks. *Indep. Film Dev. Corp.*, 2015 WL 12778352, at *4 (notice was published "in a biweekly newspaper of general circulation in the area of [defendant's] last known address, and the notice ran for four consecutive weeks"); *U.S. Commodity Future Trading Comm'n*, 2011 WL 767890, at *3 (requiring plaintiff to publish notice "once a week for a four week period" in

Toronto newspaper). Accordingly, the Court finds that four consecutive weeks, rather than three weeks, to be reasonable under the circumstances.

Publication in a manner consistent with British Columbia's Form 10 on Sundays for four consecutive weeks in The Province, a newspaper of general circulation in British Columbia, is reasonably calculated under all of the circumstances to apprise Let It Ride of the pendency of this action. Moreover, it is more than reasonable to assume that Let It Ride has already received actual notice of this lawsuit, considering (1) Carwell, who was working in his capacity as an employee for Let It Ride at the time of the accident, has already been served; (2) Let It Ride's insurance carrier was informed of the impending suit by Plaintiffs; and (3) the process server spoke with an individual at Let It Ride's last known address who believed that Let It Ride was her father's company. Lastly, in addition to service by publication, the Court will also order Plaintiffs to mail copies of this Order, the Summons, and the Complaint to Let It Ride's last known mailing address, Box 344, Forest Grove, BC V0K 1M0, (*see* Exs. B, C, and K to Bornitz Aff.), and its insurance carrier, (*see* Bornitz Aff. ¶ 4).

## IV. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Alternative Service on Defendant 0820527 B C LTD, d/b/a Let It Ride Carriers (ECF No. 16) is **GRANTED**.

2. **Within 30 days from the date of this Order**, Plaintiffs shall commence service by publication on Let It Ride.

3. Service by publication on Let It Ride shall be in a manner consistent with British Columbia's Form 10 and run on Sundays for four consecutive weeks in The Province, a newspaper of general circulation in British Columbia.

4. **Within 14 days from the date of this Order**, Plaintiffs shall also mail copies of this Order, the Summons, and the Complaint to Let It Ride's last known mailing address (Box 344, Forest Grove, BC V0K 1M0) and its insurance carrier.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: December     26    , 2018           *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota


                                          *List et al. v. Carwell et al.*
                                          Case No. 18-cv-2253 (DSD/TNL)