Jason List and Alicia List,

    Plaintiffs,

and

Troy Fiedler and Jodi Fiedler,

    Plaintiff Intervenors,

v.                                   **ORDER**

Robert Carwell, an individual,
and 0820527 B C LTD d/b/a Let It Ride
Carriers, a foreign corporation,

    Defendants.

    Michael D. Bornitz, Esq., 140 North Phillips Avenue, 4th Floor, P.O. Box 1400, Sioux Falls, SD 57101-1400, counsel for plaintiffs.

    L. Michael Hall, III, Esq. and Hall Law PA, 1010 W. St. Germain Street, Suite 100, St. Cloud, MN 56301, counsel for plaintiff intervenors.

    Stanley E. Siegel, Jr. Esq., Pharoah Johan Lewis, Esq. and Nilan Johnson Lewis, 120 South 6th Street, Suite 400, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon defendant Robert Carwell's motion to vacate or set aside the entry of default and plaintiffs Jason and Alicia List's motion to strike. Based on a review of the file, record, and proceedings herein, and for the following reasons, Carwell's motion to set aside the entry of default is granted and the motion to strike is denied.

## BACKGROUND

In September 2015, Carwell, a Canadian citizen, was driving a truck owned by his employer and co-defendant 0820527 B C LTD d/b/a Let It Ride Carriers (Let it Ride) when he was involved in an accident in Minnesota with a vehicle driven by Troy Fiedler. Jason List was a passenger in the vehicle, and he, Fiedler, and co-passenger Jodi Fiedler were allegedly injured in the crash.

On August 1, 2018, plaintiffs filed suit against Let It Ride and Carwell alleging negligence, negligence per se, respondeat superior, and loss of consortium. Carwell, who was unrepresented by counsel at the time, was properly served with the summons and complaint on September 5, 2018. Shortly thereafter, Carwell went to a remote area of Canada for several months to care for a sick relative. Not understanding that he needed to act on the summons and complaint, Carwell failed to respond to the lawsuit filed against him. Plaintiffs moved for the entry of default, which the clerk of court granted on October 11. At no point in these proceedings have plaintiffs sought default judgment against Carwell.

Throughout late 2018 and early 2019, plaintiffs also attempted to serve Let It Ride. In January 2019, Let It Ride, through its present counsel who had also recently been retained to represent Carwell, waived service and on February 19, 2019, Let It Ride filed an answer. It was around that time that Carwell's

2

counsel discovered the entry of default.  Counsel spent the next few months trying to contact Carwell, but was unable to do so given his extended stay in a remote area of Canada.  When Carwell's counsel finally reached him in April 2019, Carwell explained why he had failed to respond to the lawsuit.

In June 2019, Troy and Jodi Fiedler filed an unopposed motion to intervene in this suit, which the court granted.  On July 23, 2019, the Fiedlers filed their complaint against Let It Ride and Carwell alleging many of the same claims as plaintiffs.  Both Let It Ride and Carwell timely answered, and the court issued an amended pretrial scheduling order expanding the time for discovery and setting a new date for trial.

Carwell now moves to vacate or set aside the entry of default against him so that he may fully defend himself against both the plaintiffs' and the Fiedlers' claims.  Plaintiffs move to strike a portion of Carwell's reply memorandum and an affidavit filed in support of his motion.

## DISCUSSION

### I. Motion to Vacate or Set Aside Entry of Default

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  "When examining whether good cause exists, the ... court should weigh whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party

has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (citation and internal quotations marks omitted). Although the court considers the same factors in determining whether to set aside a default judgment under Fed. R. Civ. P. 60(b), relief from a mere entry of default requires a less stringent showing than that required to set aside a default judgment. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).

**A. Blameworthy or Culpable Conduct**

The court "focus[es] heavily on the blameworthiness of the defaulting party," and "distinguish[es] between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." Johnson, 140 F.3d at 784. "'[E]xcusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" Id. (quoting Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 388 (1993)). Whether the conduct is excusable "is an equitable decision that 'tak[es] account of all relevant circumstances surrounding the party's omission.'" Id. (quoting Pioneer, 507 U.S. at 388). Courts have considered "the reason for the delay, including whether it was within the reasonable control of the [Rule 55(c)] movant, and whether the movant acted in good faith." Id. (quoting Pioneer, 507 U.S. at 395).

4

Plaintiffs argue that Carwell's failure to respond to the complaint was based on a mistake of law, which does not constitute "excusable neglect" warranting the setting aside of an entry of default. The cases plaintiffs rely on, however, including Ceridian Corp. v. SCSC Corp., 212 F.3d 398 (8th Cir. 2000); In re Scenic View Properties, LLC, Civ. No 12-6022, 2012 WL 4898761 (D. Minn. Oct. 16, 2012); and Core Distribution, Inc. v. Xtreme Power (USA) Inc., Civ. No. 15-1547, 2016 WL 2733407 (D. Minn. May 10, 2016), are inapposite.

First, all three cases dealt with attempts to set aside a default judgment under Fed. R. Civ. P. 60(b), which requires a stronger showing to set aside than that required under Rule 55(c). See Johnson, 140 F.3d at 873. Second, both Ceridian and Core Distribution involved mistakes of law made by attorneys or legally sophisticated parties. See 212 F.3d at 403; 2016 WL 2733497, at *6. In both cases, the fact that such mistakes were made by individuals who should have known better factored into the court's decision not to set aside the default judgments. See 212 F.3d at 403-04; 2016 WL 2733497, at *6.

Here, Carwell is not similarly sophisticated or experienced in legal matters. Carwell is a Canadian citizen who is unfamiliar with the legal system and was who pro se at the time of service. The court will not hold Carwell to the same standard as an attorney. There is no evidence that he was intentionally seeking

5

to thwart plaintiffs' lawsuit against him by failing to respond. Rather, Carwell was apparently unreachable and did not fully understand that he needed to respond to the lawsuit or how to do so. As such, the court finds that Carwell was not blameworthy or culpable in failing to respond.

**B. Meritorious Defense**

In setting forth a meritorious defense, a defendant need not show that he will succeed on the merits, but rather only that "the proffered evidence would permit a finding for the defaulting party." Johnson, 140 F.3d at 785 (citation and internal quotation marks omitted). "The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default." Stephenson, 524 F.3d at 914 (citations and internal quotation marks omitted).

Carwell has set forth two meritorious defenses. First, he alleges that Troy Fiedler's negligence caused the crash; second, he claims that a third party improperly maintained his vehicle, which contributed to the crash. Plaintiffs argue that the accident report and Carwell's alleged actions and statements after the crash undermine both stated defenses. The issue at his juncture, however, is not whether Carwell's proffered defenses are undisputed, but whether they would permit a finding in his favor. Johnson, 140 F.3d at 785. Carwell's defenses would, if borne out by the facts adduced during discovery, permit a finding that he is

not liable for the crash. For present purposes then, Carwell has stated a meritorious defense.

**C. Prejudice**

To determine whether prejudice exists, the court considers factors such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits," requiring the plaintiff to expend further resources. Id.; see also Johnson v. Allied Excavating, Inc., Civ. No. 15-3237, 2017 WL 1194196, at *8 (D. Minn. Mar. 30, 2017).

Plaintiffs argue that they would be prejudiced if the entry of default is set aside because it would delay the already amended discovery and trial schedule and they would be forced to expend further resources to prove Carwell's liability. They further allege that defendants have already shown a propensity for fraud and collusion because both Carwell and the owner of Let It Ride have cited health issues — either their own or those of family members — as their reason for delay on certain aspects of the case. There is no evidence that either defendant is lying with regard to these health concerns, thus the court finds this allegation of fraud and collusion to be unwarranted.[1] Because the rest of

---

[1] Plaintiffs have submitted evidence in an effort to show that Carwell may be lying about having been unreachable in a remote

plaintiffs' prejudice claims relate to delay and increased costs — claims insufficient for a finding of prejudice, see Johnson, 140 F.3d at 785 — the court is satisfied that plaintiffs will not be prejudiced by setting aside the entry of default against Carwell.

**II. Risk of Inconsistent Judgments**

In addition to there being "good cause" to set aside the entry of default, failing to do so here may expose Carwell to inconsistent judgments. The United States Supreme Court has recognized that inconsistent verdicts between jointly liable defendants is "incongruous and illegal." Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 554 (1872). The Eighth Circuit has extended this principle to situations in which there is a risk of inconsistent judgments between defendants who are jointly and severally liable. U.S. ex rel. Costner v. United States, 56 F. App'x 287, 288 (8th Cir. 2003).

Here, Carwell faces the risk of inconsistent judgments against him if the default is not set aside because plaintiffs and the Fiedlers have both brought negligence claims against Carwell. Given that Carwell timely answered the Fiedlers' complaint, he now

---

area of Canada. They have provided the court with a graph showing that "Internet user penetration in Canada" was 94.7% in 2018. ECF 69, Ex. 2. This graph, however, merely shows the "percent of the Canadian population [that] used the [I]nternet." See id. Just because a high percentage of the Canadian population used the Internet at some point in 2018 does not mean that all of Canada has Internet access. The graph is therefore unhelpful.

has the opportunity to defend against a finding that he negligently caused the crash and he could prevail.

Plaintiffs argued at the hearing that there is no risk of inconsistent judgments because plaintiff Jason List was merely a passenger in the vehicle whereas intervenor Troy Fiedler was the driver. The implication seems to be that, based on Carwell's alleged defense that Fiedler's driving contributed to or caused the crash, Carwell could somehow be found not liable for causing the crash, and thus the Fiedlers' injuries, but liable for causing the crash and for List's injuries. The court fails to see how that could occur. Because the Fiedlers and Jason List were in the same car, if Carwell is not found to have negligently caused the crash with regard to the Fiedlers' claims, he simply cannot be found to have negligently caused the crash with regard to plaintiffs' claims. Therefore, Carwell's liability for causing the crash — if any — applies equally to the Fiedlers and plaintiffs. Maintaining the entry of default could result in liability as to the Lists but no liability as to the Fiedlers. The possibility of such a result in untenable.

**III. Motion to Strike**

As this district has routinely observed, motions to strike are only applicable to pleadings. See, e.g., Great Lakes Gas Trans. Ltd. P'ship v. Essar Steel Minn. LLC, Civ. No. 09-3037, 2011 WL 1486033, at *2 (D. Minn. Apr. 19, 2011) (quotation

9

omitted); Carlson Mktg. Grp. v. Royal Indem. Co., Civ. No. 04-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (finding a motion to strike an affidavit in support of a motion improper); VanDanacker v. Motor Sales Co., 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (denying a motion to strike as inapplicable to memoranda in support of a motion).

Here, plaintiffs seek to strike a portion of Carwell's reply memorandum and affidavit in support of his claims of a meritorious defense. Because Carwell's reply memorandum and associated affidavit are not a pleading subject to a motion to strike, the court denies plaintiffs' motion as procedurally flawed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Carwell's motion to set aside the entry of default [ECF No. 62] is granted; and

2. Plaintiffs' motion to strike [ECF No. 73] is denied.

Dated: October 11, 2019

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court